ELECTRONICALLY FILED - 2021 Apr 21 5:20 PM - GREENVILLE - COMMON PLEAS - CASE#2021CP2301838

| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
|---|---|
| COUNTY OF GREENVILLE | |

| Denise Ernul, | ) | 2021-CP-23-_____ |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **SUMMONS** |
| | ) | |
| Appalachian Council of Governments, | ) | |
| | ) | |
| Defendant. | ) | |

TO THE DEFENDANT ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

s/ Peter A. Rutledge
Peter A. Rutledge (SC #15899)
Rutledge Law, LLC
66 Faris Circle
Greenville, SC 29605
(864) 906-2521
Attorneys for Plaintiff

| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
|---|---|
| COUNTY OF GREENVILLE | |

| Denise Ernul, | ) | 2021-CP-23-_____ |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **SUMMONS** |
| | ) | |
| Appalachian Council of Governments, | ) | |
| | ) | |
| Defendant. | ) | |

| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
|---|---|
| COUNTY OF GREENVILLE | |

| Denise Ernul, | ) | 2021-CP-23-_____ |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | **(Jury Trial Demanded)** |
| Appalachian Council of Governments, | ) | |
| | ) | |
| Defendant. | ) | |

The Plaintiff, Denise Ernul, complaining of the Defendant, Appalachian Council of Governments (ACOG), would respectfully show unto the Court as follows:

1. Plaintiff is a citizen and resident of the State of South Carolina, County of Greenville.

2. Defendant, ACOG is a non-profit organization located in Greenville, South Carolina.

3. This Court has jurisdiction over the Defendants, and venue is proper in this Court.

## FACTUAL BACKGROUND

4. Plaintiff is a forty-eight (48) year old African American/Asian female. She was originally employed by Defendant in June 2018 as an office manager, until her wrongful termination in August 2020.

5. ACOG is a multifaceted service organization for local governments that provides public administration, planning, information systems and technology, grants, workforce development, and services for the elderly.

6. As Office Manager, Plaintiff was tasked with a broad range of responsibilities. She also managed two employees.

7. In May 2019, Plaintiff obtained her license to sell insurance to earn additional income. This was not prohibited by ACOG policy.

8. In July 2019, Plaintiff received an annual evaluation that rated her performance in several metrics ranging from "exceeds standards" to "outstanding."

9. In July 2020, Plaintiff received an annual evaluation that rated her performance as competent and received a two percent merit increase in August 2020.

10. At times, Defendant mistakenly accused Plaintiff of performing her insurance sales business during regular business hours. Plaintiff only ever pursued her insurance business after hours and on weekends. By way of example, once when Plaintiff was meeting with ACOG's insurance agent, Finance Director Don Zimmer believed Plaintiff was at that time conducting her insurance business.

11. Plaintiff's co-workers with part-time or supplemental employment, who were not of Plaintiff's race or color, were treated better by not being disciplined for soliciting business for themselves within the ACOG organization. Those persons are Sandy Dunagan (Avon), Kensey

ELECTRONICALLY FILED - 2021 Apr 21 5:20 PM - GREENVILLE - COMMON PLEAS - CASE#2021CP2301838

ELECTRONICALLY FILED - 2021 Apr 21 5:20 PM - GREENVILLE - COMMON PLEAS - CASE#2021CP2301838

Burkhalter (Dietary Shake), Michelle Anderson (Cabin Rentals), and Monica Ramm (Baby Bibs and other crafts); all Caucasians.

12. By contrast, Plaintiff was instructed she shouldn't even mention in any way especially onsite, her supplemental employment because of its perception to colleagues that it was interfering with her performance at ACOG. This restriction was not conveyed to Plaintiff's white co-workers.

13. Ultimately, Plaintiff's employment was terminated for the pre-textual reason that ACOG had lost confidence in her ability to perform her job, citing her supplemental employment in insurance sales.

### FOR A FIRST CAUSE OF ACTION
**(Race Discrimination and Color discrimination under Title VII)**

14. The foregoing allegations of this Complaint are incorporated herein where not inconsistent or contrary hereto as fully as if repeated herein.

15. Plaintiff was an employee of ACOG two and a half years. Throughout the course of her employment, Plaintiff performed her duties loyally, ethically, and competently. The Plaintiff regularly performed her job duties in a manner that exceeded ACOG's legitimate expectations.

16. This cause of action is brought pursuant to Title VII of the United States Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e) *et. seq.*, to obtain relief for the Plaintiff due to race discrimination in the practices of Defendant ACOG in purporting to discipline Plaintiff for pretextual reasons that similarly situated white employees were not disciplined for. Upon information and belief, the Defendant is subject to suit pursuant to Title VII of the Civil Rights Act of 1964, as amended, because it meets the definition of "employer" within the meaning of 42 U.S.C. §2000e(b).

17. The conduct herein complained of by the Plaintiff violated Title VII of the United States Civil Rights Act (42 U.S.C. §2000(e)), as amended, and ACOG's excuses for terminating Plaintiff are false, without merit, and used in an attempt to mask the race discrimination to which the Defendant has wrongfully subjected the Plaintiff.

18. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission which issued her a Notice of Right to Sue. Plaintiff has timely brought suit within 90 days of her receipt of said notice.

19. As a direct and proximate result of the Defendant's wrongful termination of the Plaintiff, Plaintiff has suffered irreparable harm at the hands of the Defendant. She seeks the back wages and benefits that she would have earned, but for the Defendant's discriminatory conduct. The Plaintiff also seeks compensatory damages for her injuries which include emotional pain, suffering, inconvenience, embarrassment, humiliation, mental anguish, loss of enjoyment of life, future pecuniary losses and various other pecuniary and non-pecuniary losses, all arising out of the retaliatory actions of the Defendant.

## FOR A SECOND CAUSE OF ACTION
(Violation of 42 USC §1981)

20. The foregoing allegations of this Complaint are incorporated herein where not inconsistent or contrary hereto as fully as if repeated herein.

21. Plaintiff was denied equal enjoyment of the benefits, privileges, terms, and conditions of her contractual employment relationship with Defendant because of her race.

22. Additionally, Defendant, by and through its agents, impaired Plaintiff from receiving such equal treatment under her contract of employment.

23. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered actual harm.

ELECTRONICALLY FILED - 2021 Apr 21 5:20 PM - GREENVILLE - COMMON PLEAS - CASE#2021CP2301838

ELECTRONICALLY FILED - 2021 Apr 21 5:20 PM - GREENVILLE - COMMON PLEAS - CASE#2021CP2301838

24.     Accordingly, Plaintiff requests this Court award her actual damages, compensatory damages, back pay and front pay, and any other and further relief deemed appropriate by this Court.

**WHEREFORE**, having fully set forth her claims, Plaintiff prays for relief as follows:

(1)     A jury trial on all claims;

(2)     Actual, compensatory damages, consequential damages, as may be awarded by a jury, for all damages naturally flowing from Defendant's unlawful acts;

(3)     Punitive damages as may be awarded by a jury to deter Defendant from further similar unlawful acts and conduct as suffered by the Plaintiff;

(4)     Attorney's fees and costs, including expert fees and all other costs, incurred by the Plaintiff in the bringing of this action; and

(5)     Such other and further relief as this Court, and a jury of Plaintiff's peers, deems just and proper.

<u>s/ Peter A. Rutledge</u>
Peter A. Rutledge (SC #15899)
Rutledge Law, LLC
66 Faris Circle
Greenville, SC 29605
(864) 906-2521
Attorneys for Plaintiff