# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | | |
|---|---|---|
| Denise Ernul, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6:21-cv-1842-TMC |
| | ) | |
| vs. | ) | |
| | ) | |
| Appalachian Council of Governments, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

Plaintiff Denise Ernul filed this employment discrimination action against Defendant Appalachian Council of Governments, asserting claims of race discrimination and racially hostile working conditions in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. (ECF No. 1-1). Plaintiff originally filed her action in South Carolina state court, and Defendant removed it to federal court. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.), this matter was referred to a magistrate judge for pretrial handling. Nearly one year after this action was removed from state court, Defendant filed a motion to dismiss on the grounds that Plaintiff, who is represented by counsel, repeated refused to respond to discovery requests despite having been given numerous extensions and ignored directives from the magistrate judge relating to Plaintiff's failure to respond to discovery. (ECF No. 21). Plaintiff filed a response in opposition (ECF No. 33) and Defendant filed a reply (ECF No. 34).

Now before the court is the magistrate judge's September 21, 2022, Report and Recommendation ("Report"), recommending that the court grant Defendant's motion to dismiss. (ECF No. 39). The Report thoroughly summarizes the procedural background that forms the basis for Defendant's motion, and the court need not repeat it here. *Id*. at 1–8. The magistrate judge

found that "Plaintiff has not participated in discovery in good faith[,]" noting that, "[a]fter receiving more than three months of extensions, she failed to respond to discovery by the date she agreed to, requiring Defendant to file a motion to compel." *Id*. at 10–11. The magistrate judge described the additional steps she took in an effort to prompt Plaintiff to participate in discovery:

> When Plaintiff did not file a response to [Defendant's] motion [to compel], the Court granted it and set another deadline for Plaintiff to respond fully to the discovery requests. Plaintiff flatly ignored this court-established deadline as well, necessitating Defendant to file of a motion to dismiss and requiring the undersigned to hold a telephone conference with counsel. Following this conference, the Court took [Defendant's] motion to dismiss under advisement, ordered "Plaintiff to respond to [Defendant's] discovery in full and without objection by May 13, 2022" and informed the parties that the Court would rule on Defendant's motion to dismiss after Plaintiff produced her discovery responses. Plaintiff flatly ignored this court-established deadline as well.

*Id*. at 11. The magistrate judge found that, following the expiration of the court-ordered deadline, Plaintiff provided some documents but that such production was deficient, and that Plaintiff failed to provide a reasonably specific explanation regarding her failure to respond to discovery requests first served on her on October 21, 2021. *Id*. at 11, 14–15. Accordingly, the magistrate judge recommended the court grant Defendant's motion to dismiss (ECF No. 21) and dismiss Plaintiff's action pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure. *Id*. at 15. Plaintiff, who is represented by counsel, did not file objections, and the time to do so has now run.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Rather, "in the absence of a timely filed objection, a district court need not

conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note).

Having thoroughly reviewed the Report and the record under the appropriate standards, and having found no clear error, the court adopts the Report in its entirety (ECF No. 39) and incorporates it herein. Accordingly, Defendant's motion to dismiss (ECF No. 21) is **GRANTED.**

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>
United States District Judge

Anderson, South Carolina
October 18, 2022

3